**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES HASKINS, JR., individually,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE COMPANY, INC.,<br><br>Defendant. | ) | Case No. CIV-18-814-D |

# PROTECTIVE ORDER

Before the Court is Defendant's Motion for Protective Order [Doc. No. 11]. Upon consideration of the Motion, and based on the agreement of the parties pursuant to Fed. R. Civ. P. 26(c), the Court finds that the Motion should be **GRANTED**.

1. **Confidential Information.** The parties have agreed that certain documents, if produced or disclosed during this litigation, should be treated as confidential. As used in this Order, the term "Confidential Information" means any document that contains or refers to:

a. Non-public information, which consists of non-public and confidential:

i. business and operations methods, including policies, procedures, and protocols;

ii. internal business and corporate records and reports; and

iii. personnel files relating to employees;

b. Corporate policies and practices, including corporate strategies, decisions, and actions; and

c. Non-public financial information of any party.

2. **Designating Documents and Information as Confidential.** Any party to this action may designate as "Confidential Information" documents, as set forth in Paragraph 1 of this Order, produced after entry of this Order by stamping or labeling the document or response with the word "Confidential." Stamping or labeling the document with the word "Confidential," however, is not a requirement for the document to be considered confidential.

3. **Limited Disclosure of Confidential Information.** Any documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be used by the party only for the prosecution or defense of this case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a. Counsel and in-house counsel for the parties in this action who are actively engaged in the conduct of this litigation. This includes the partners, associates, secretaries, legal assistants, employees, and agents of counsel, to the extent reasonably necessary to render professional services in the litigation;

b. The parties and any current director, officer, employee, representative, or insurer of a party;

c. Persons with prior knowledge of the documents or Confidential Information contained therein and who agree to be bound by this Confidential Order;

d. Any person who otherwise would be entitled to review the Confidential Information as a result of:

i. Financial or regulatory audit obligations; or

ii. Local, state, federal, or other laws;

e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

f. Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services to the litigation;

g. Any independent document reproduction services, document recording and retrieval services, or electronic discovery vendor used by the parties;

h. Any witness called to testify at deposition or trial and any counsel for the witness;

i. Other persons who may be specifically designated and qualified to receive Confidential information pursuant to Court Order or by agreement of the parties.

4. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 3 of this Order. The recipient/disclosing party shall ensure that all persons to whom it discloses any Confidential material have read this document and agree, without the necessity of a written agreement to abide by the terms hereof prior to disclosure.

5. **Non-Waiver Regarding Privileged Information.** This Order does not affect the right of any Party to claim any applicable privilege or work product protection of any information. Each party shall have the right to "clawback" documents covered by the attorney-client (or similar evidentiary) privilege or work product doctrine ("Protected

Documents") which inadvertently are produced by one party to the other. No later than three working days after discovering that Protected Documents have been inadvertently produced, the designating party shall give written notice to the receiving party specifically identifying the Protected Documents and asserting the attorney-client (or similar evidentiary) privilege or work product doctrine. Once the producing party provides the notice to the receiving party, the receiving party agrees it shall not use the Protected Documents for any purpose and that it shall delete or return the Protected Documents within three working days, except that the receiving party shall have the right to challenge the assertion of privilege or objection and request an Order of the Court denying the privilege or objection. The burden of proof shall be on the party challenging the assertion of privilege. The parties recognize that this right of clawback is to ensure that the inadvertent production of privileged or otherwise protected materials does not cause the privilege or protection to be waived.

6. **Deletion of Confidential Information.** Within sixty days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise: the recipient/disclosing party shall, either return to the producing party all documents deemed Confidential under these terms, and to cause the return of the same by any persons to whom it has made disclosures hereunder or the recipient/disclosing party shall destroy all documents deemed Confidential under these terms and provide an affidavit to the producing party attesting to the destruction of the documents deemed Confidential. The recipient/disclosing party shall, upon learning of such, immediately inform the producing party of any improper disclosure and of any

violation of the terms hereof.

7. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, or other information.

8. **Enforcement.** The Court's jurisdiction terminates on final disposition of the case. A party may, however, seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED** this 13th day of December 2018.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE